MELINDA HAAG (CABN 132612)
United States Attorney

MIRANDA KANE (CABN 150630)
Chief, Criminal Division

ANDREW M. SCOBLE (CABN 124940)
Assistant United States Attorney
    450 Golden Gate Ave., Box 36055
    San Francisco, California 94102
    Telephone: (415) 436-7200
    Fax: (415) 436-7234
    E-Mail: andrew.scoble@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No: CR 11-0208 MHP/CR 01-0344 MHP |
|     Plaintiff, ) | [PROPOSED] ORDER EXCLUDING TIME FROM SPEEDY TRIAL ACT COMPUTATION |
| v. ) | |
| RENO DEVORE, ) | |
|     Defendant. ) | |

    These related cases came on for further status hearing on May 23, 2011. The defendant was represented by Erick L. Guzman, Esq., and the government was represented by Assistant U.S. Attorney Andrew M. Scoble. Defense counsel represented that Dr. Jules Berstein had completed his evaluation of the defendant pursuant to the Order signed on May 12, 2011, and was of the opinion that the defendant is competent both to stand trial and to represent himself. The government raised the possibility that it may seek to have the defendant examined by an expert of its own choosing. The defendant submitted his written responses to the Court's

ORDER EXCLUDING TIME                   1

questionnaire entitled, "Waiver of Right to Counsel and to Proceed in Propria Persona." Government counsel personally served the defendant with a copy of the government's "Memorandum Re: Defendant's Request to Represent Himself," filed in these cases on or about May 6, 2011. The Court advised defense counsel that it would not release him from his representation of the defendant until the issue of competency had been resolved.

The Court set the matter over to June 6, 2011 at 10:00 a.m. for further status on the issue of the defendant's competency (including the government's request for time to consider whether it will request examination of the defendant by its own expert), and made findings and excluded time through and including June 6, 2011, from the otherwise applicable Speedy Trial Act computation, based on the need for continuity of counsel and effective preparation (pursuant to 18 U.S.C. § 3161(h)(7)), as well as on the pending motions of defense counsel to withdraw and of the defendant to represent himself (pursuant to 18 U.S.C. § 3161(h)(1)(D)). The defendant agreed in open court to the exclusion of time from the otherwise applicable Speedy Trial Act computation.

Accordingly, THE COURT FINDS THAT the ends of justice served by granting a continuance from May 23, 2011 through and including June 6, 2011 outweigh the best interests of the public and the defendant in a speedy trial, because failure to do so would unreasonably deny the defendant continuity of counsel and would deny counsel for the defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(A) & (B)(iv).

THE COURT FURTHER FINDS THAT the period from May 5, 2011 (the date on which defense counsel filed his motion to withdraw as counsel and noted the defendant's request to represent himself) through and including June 6, 2011 (the date of the next hearing in these related cases) is excluded from the otherwise applicable Speedy Trial Act computation pursuant to 18 U.S.C. § 3161(h)(1)(D).

//
//
//

ORDER EXCLUDING TIME                    2

1 THE COURT THEREFORE ORDERS THAT the period from May 23, 2011 through
2 and including June 6, 2011 is excluded from the otherwise applicable Speedy Trial Act
3 computation pursuant to 18 U.S.C. §§ 3161(h)(1)(D) and (h)(7)(A) & (B)(iv).
4 IT IS SO ORDERED. *Except that in an addendum to my*
5 *his report Mr. Burstein finds defendant*
6 DATED: *not competent to represent himself.*
   6/3/11
7 HON. MARILYN HALL PATEL
   United States District Judge

ORDER EXCLUDING TIME        3