# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RENO KEITH DEVORE,<br><br>Defendant. | Case No. 11-cr-00208-EMC-1<br><br>Case No. 01-cr-00344-EMC-15<br><br>**ORDER RE DEFENDANT'S PETITION FOR RESENTENCING**<br><br>Docket No. 72 |

This Court previously sentenced Defendant Reno Devore to 14 months' imprisonment for violating the conditions of his supervised release, as detailed in a Form 12 from February 2017. *See* Docket Nos. 61 (Form 12), 71 (Form 12 judgment).[1] The Court ordered that the sentence run consecutively to a state sentence that Mr. Devore is currently serving. *See* Docket No. 71. Mr. Devore petitioned this Court under 28 U.S.C. §§ 3582 and 2255 to reconsider the consecutive nature of the federal sentence. Docket No. 72 ("Petition"). Specifically, he argued that the Court did not adequately explain the consecutive nature of his sentence in open court. *See id.* The Court denied Mr. Devore's petition at the hearing on this matter. Docket No. 82. The Court now explains its reasoning by this order.

## I. DISCUSSION

This Court previously determined that there was no basis for resentencing under § 3582. *See* Docket No. 75 (order to show cause) at 1 n.1. The remaining issue is resentencing under § 2255.

Under § 2255(a), Mr. Devore may move the Court to modify his sentence if the sentence

---

[1] Docket numbers refer to docket entries in Case No. 11-cr-00208-EMC-1.

was imposed "in violation of the Constitution or laws of the United States." Mr. Devore argued that his consecutive sentence was unlawful, because the Court did not specifically explain why it ran his sentence consecutively and not concurrently with his state sentence. *See* Petition at 3. In effect, Mr. Devore invoked 18 U.S.C. §§ 3553(c) and 3584(b). Section 3553(c) requires a court imposing a sentence to "state in open court the reasons for its imposition of the particular sentence." Meanwhile, § 3584(b) requires the court to consider the 18 U.S.C. § 3553(a) factors when deciding whether a sentence should run concurrently with or consecutively to another sentence. Mr. Devore therefore appeared to argue that the Court failed to specifically link the consecutive nature of the sentence to the § 3553(a) factors.

A.  Standard

The controlling case is *United States v. Fifield*, 432 F.3d 1056 (9th Cir. 2005), in which the court faced an identical issue. The defendant had received sentences consecutive to previously imposed state sentences, and he argued on appeal that the district court had not adequately explained under §§ 3553 and 3584 why his sentences were consecutive. *Id.* at 1058. The circuit court disagreed. At the time of sentencing, the district court had stated:

> I find that, in my view, a sentence at the low end of the guidelines would be inappropriate. On the other hand, I'm not sure that a sentence at the high end of the guidelines, given the state sentence, and given the fact that I do believe there is an opportunity for you to participate in the 500-hour drug treatment program, that the extreme high end would be appropriate.
>
> The sentence that I have fashioned takes into account the need for punishment, for the offense of conviction. It takes into account the need to protect the community. I do believe that you need to get the lesson about recidivism. You can't engage in the kind of behavior that you've been involved in. Unfortunately or fortunately, whatever happened in the state court, my guess is if the judge up there had whacked you right off the bat, you may have changed your behavior. But you got a breaks [sic]. And like all people who get breaks, very few of you take advantage of it. And it didn't take you long to get back into drugs and guns.
>
> I do think, though, based on the Pre-Sentence Report, there is some, perhaps, minimal hope that you can turn things around and I hope that you do.

*Id.* at 1064 (alteration in original). The district court then sentenced the defendant to a term of imprisonment. This statement was sufficient to satisfy §§ 3553 and 3584. *Id.* These provisions

2

"do not require that a district court always specifically justify its choice between concurrent and consecutive sentences." *Id.* Instead, the district court need only "justify its choice of the sentence as a whole with reference to the factors listed in § 3553(a)." *Id.* Because the district court had "refer[red] with some case-specific detail to several factors listed in § 3553(a)," the court had satisfied its obligations under §§ 3553 and 3584. *Id.* at 1066.

*Fifield* contrasted its outcome with that in *United States v. Conkins*, 9 F.3d 1377 (9th Cir. 1993). In *Conkins*, one of several defendants had argued that the district court had erred by failing to state its reasons for imposing a sentence consecutive to a state sentence. *Id.* at 1385. The circuit court had agreed, finding the district court's sentencing statement inadequate under §§ 3553 and 3584 and remanding the case for resentencing. The district court's "cryptic" sentencing statement consisted of the following:

> All right, the court is satisfied that as it has been, that the charges which were brought in this court were not—that were tried in this court were not the subject of the charges in Texas, and that the departure is not appropriate. On the other hand, I can understand a departure of some months, and the Court will sentence accordingly.

*Id.* at 1385. *Conkins* might be understood as requiring that a district court must state its reasons for imposing a consecutive as opposed to a concurrent sentence. Indeed, that is what the *Fifield* defendant argued. However, the *Fifield* court interpreted the *Conkins* disposition as resulting from the complete failure of the district court to explain its sentence or reference the § 3553(a) factors at all, not its particular failure to justify the consecutive nature of the sentence. *See Fifield*, 432 F.3d at 1065.

B. <u>Application</u>

Under *Fifield*, this Court need only have "justif[ied] its choice of the sentence as a whole with reference to the factors listed in § 3553(a)." *Id.* at 1064. It need not have referred to each factor; "refer[ring] with some case-specific detail to several factors" is sufficient. *Id.* at 1066. In this case, the Court had stated at the time of sentencing:

> All right. I'm going to impose a sentence of 14 months for the violation of Form 12. In a sense that represents the high end of the guideline. If we were just applying the—a sentence to the first two counts on the theory that the third count in a way has sort of been dealt with by the state court, or you could see it as normally you

3

would probably—I might give less than the top of the range for the first two, but because of the violation that's worth something as well.

Either way it accounts for all three counts, but frankly gives some credit, some weight to the fact that he's already serving a fairly long sentence under Wisconsin law for that third count.

It's not to say it's completely irrelevant because it does—but that's why I think a 14-month sentence is a fair result, because it does place primary weight on the two independent violations here. Even if there were mitigating circumstances such as fear, that's still no excuse not to at least correspond and respond to probation and to comply with the Court's orders.

So the term that I will impose is that, pursuant to the Sentencing Reform Act of 1984 that Mr. Devore, the named defendant in this petition, be sentenced to the custody of the Bureau of Prisons for a term of 14 months. There will be no term of supervised release. The sentence will end at that point and everybody agrees that supervised release is not helpful in this case, and Mr. Devore has also expressed a desire not to have to come back to San Francisco, that he stay in Wisconsin. And it seems like everybody agrees that's in his best interest.

He will be subject to apparently some sort of state parole or state supervision, and I think that will be responsive to the public's interest in terms of deterrence and safety.

But this satisfies the criteria for 3553, because it does reflect the seriousness of the offense for which we are sentencing, as well as taking into account the circumstances here and the context of the other sentence, for which he is already serving.

. . .

[After a clarifying question from counsel, the Court continued:] Yes. The federal sentences are concurrent, but they are to run consecutive to the state Wisconsin sentence that he's currently serving.

Docket No. 74 ("Tr.") at 21-23. This statement refers with case-specific detail to many of the § 3553(a) factors, to wit, the circumstances of the offense, the history of the defendant, the seriousness of the offense, the justness of the punishment, deterrence and public safety, and the guideline range. *See* § 3553(a). The Court also took into account the Wisconsin sentence. The statement was therefore sufficient to support the sentence.

C.  Mr. Devore's Arguments

Mr. Devore relied on *United States v. Simms*, 626 F.3d 966 (7th Cir. 2010), which he argued requires "a valid and justifiable reason in the record for a rendering of a consecutive

sentence." Petition at 3. He asserted that where a court fails to offer such a reason, the sentence automatically runs concurrently with other sentences. Reply at ECF 6. Mr. Devore also averred that *Simms* binds this Court by way of the Full Faith and Credit Clause of the Constitution and because federal law is uniform across the nation. *Id.* at ECF 1. First, *Simms* does not bind this Court. Seventh Circuit opinions bind only courts in that circuit, and this Court falls within the purview of the Ninth Circuit, not the Seventh. The Full Faith and Credit Clause is not to the contrary.

Additionally, *Simms* did not hold that a district court must specifically justify a consecutive versus a concurrent sentence. In *Simms*, the defendant had pleaded guilty to gun and drug offenses, which also violated the conditions of a supervised release from a prior conviction. The district court sentenced the defendant to 240 months for the gun and drug offenses and 30 months for the supervised-release violation. *Simms*, 626 F.3d at 968. The court was concerned that the defendant might successfully appeal his gun or drug sentence, and it wished to ensure that the defendant not serve fewer than 240 months. *See id.* at 972. The court therefore ran the 30-month sentence consecutively to the 240-month sentence. *See id.* The circuit court found this "illogical because it means that if the other sentences are affirmed on appeal, . . . the defendant ends up with a heavier overall sentence [270 months] than the judge intended to impose [240 months]." *Id.* Because this consecutive addition was "not based on the judge's belief about what the proper overall sentence should be," *id.*, the circuit court instructed that the 30-month sentence be run concurrently. *See id.* at 973.

The peculiar circumstance in *Simms* is not present here. The Court did not confer a consecutive sentence to counter a possibility that the sentence might later be reduced. Instead, the Court determined that the proper overall sentence should be consecutive to the state sentence. *See* Tr. at 23. *Simms* is therefore inapplicable, even if it were binding law.

///
///
///
///

5

## II. CONCLUSION

For the foregoing reasons, the Court **DENIED** Mr. Devore's petition for modification of sentencing. *See* Docket No. 82.

**IT IS SO ORDERED**.

Dated: January 17, 2018

_____
EDWARD M. CHEN
United States District Judge